UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRICK L. RUSSELL                                                                                    PLAINTIFF
#266367

V.                                        No. 4:23-CV-01063-BRW-BBM

WYNNE, Sergeant, Pulaski County Regional
Detention Facility; MELANIE MARTIN,
3rd Division Judge, District Court; ERIC S.
HIGGINS, Sheriff, Pulaski County; and ADAMS,
Deputy, Pulaski County Regional Detention Facility                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     **INTRODUCTION**

On November 9, 2023, Plaintiff Derrick L. Russell, an inmate in the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitution rights. (Doc. 2). Before Russell may proceed

with his claims, the Court must screen Russell's Complaint pursuant to the Prison Litigation Reform Act ("PLRA").[1]

**II.   DISCUSSION**

Russell alleges that, after he complained that PCRDF keeps the temperature too hot in the summer and too cold in the winter, Defendants Sergeant Wynne and Deputy Adams "got [a] smart mouth" with him. (Doc. 2 at 4). For relief, he asks for $10 million in punitive damages, $10 million in compensatory damages, and $10 million in "injunctive damages." *Id.* at 5. He also seeks a "no contact order," to have his criminal case dismissed, and to be released from his "false imprisonment status." *Id.* Russell's Complaint fails to state a claim and must be dismissed for three reasons.

First, Russell cannot maintain a constitutional claim against Sergeant Wynne and Deputy Adams for getting a "smart mouth" with him. Russell does not explain exactly what was said by Sergeant Wynne and Deputy Adams; regardless, a guard's use of offensive language, without more, does not rise to the level of a constitutional violation. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *see also Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001).

Second, to state a plausible constitutional claim against a defendant, Russell must allege facts explaining how that person was *personally involved* in the alleged constitutional wrongdoing. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Russell names

---

[1] The PLRA requires federal courts to screen prisoner complaints prior to service and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

District Judge Melanie Martin and Pulaski County Sheriff Eric S. Higgins as defendants but fails to make *any* factual allegations against them in his Complaint.

Finally, to the extent that Russell seeks to have his underlying criminal case dismissed, that is not an available remedy in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489–99 (1973) (writ of habeas corpus is the "exclusive remedy" when prisoner challenges the fact or duration of his confinement and seeks release from incarceration, while a civil rights complaint "is a proper remedy for a ... prisoner who is making a constitutional challenge to the conditions of his prison life").

### III. CONCLUSION

Russell's Complaint fails to state a viable constitutional claim.

IT IS THEREFORE RECOMMENDED THAT:

1. Russell's Complaint (Doc. 2) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 14th day of December, 2023.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE